[Crim. No. 34593. Second Dist., Div. Five. Sept. 17, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
BARBARA GISELA MILLER, Defendant and Appellant.

·Counsel

Neal R. Rosenthal, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Weisman and Elizabeth A. Baron, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**STEPHENS, J.**—Defendant was charged with and convicted of unlawfully taking a vehicle in violation of Vehicle Code section 10851 and escape from lawful custody in violation of Penal Code section 4532.[1]

There is no issue as to the sufficiency of the evidence to sustain the convictions and the facts do not materially aid in the consideration of the issues on appeal, hence, no recitation of facts is required.

Defendant contends she was incompetent to stand trial, and should not have been permitted to represent herself.[2]

 The starting point is *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525], for it was that case that held that a defendant has a constitutional right to represent himself. The accused must, of course, knowingly and intentionally relinquish the benefits gen-

---

[1]She was also charged with a second Penal Code violation, but this charge was dismissed on the court's motion at close of the People's case.

[2]At the probation and sentencing hearing defendant was found insane within the meaning of Penal Code section 1368.

erally associated with the right to a licensed counsel.[3] The skill of an attorney is not a prerequisite to an intelligent waiver; however, the defendant "should be made aware of the dangers and disadvantages of self-representation so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" (*Id.* at p. 835 [45 L.Ed.2d at p. 582], quoting *Adam* v. *United States* ex rel. *McCann* (1942) 317 U.S. 269, 279 [87 L.Ed. 268, 275, 63 S.Ct. 236, 143 A.L.R. 435].) ■ In *People* v. *Teron* (1979) 23 Cal.3d 103 [151 Cal.Rptr. 633, 588 P.2d 773], the Supreme Court recognized that for there to be a judicial determination of a knowledgeable waiver of counsel discernible from the record "...the trial court must determine 'whether the defendant has the mental capacity to waive his constitutional right to counsel....'" (*Id.* at p. 113, quoting *Curry* v. *Superior Court* (1977) 75 Cal.App.3d 221, 226 [141 Cal.Rptr. 884].) In *Curry* v. *Superior Court, supra*, it was determined that the standard of acceptable waiver is met if the trial court makes the factual determination that the defendant is free of the type of mental disorder which would impair a decision to waive counsel. ■ In the instant case, after defendant requested to represent herself, the committing magistrate sought to ascertain her competency; her responses to the judge's questions assured him of the requisite capacity to lawfully waive. Defendant was a college graduate and was reasonably versed in the law. She had been a legal secretary and understood her rights against self-incrimination and the level of proof at a preliminary hearing. She knew she could examine witnesses and understood the evidence as it was produced and knew the rules regarding objections to questions. She knew of her right to counsel. The public defender's response of having no opinion as to her competency, though he was developing one, was insufficient to create a doubt in the mind of the magistrate as to her capacity and no mental disorder was suggested which would interfere with her voluntary waiver. ■ The query in the mind of the judge as to the wisdom of her choice would be completely inadequate to deny a waiver.

At the time of the arraignment before the trial judge, he asked why she refused counsel and she responded by questioning the forthrightness of the public defender.[4] The colloquy between the judge and defendant really sums it all up: "THE COURT: Well, I think I tried to urge you before to accept the assistance of counsel. We can appoint counsel for

---

[3]See also *People* v. *Ruiz* (1968) 263 Cal.App.2d 216, 222-223 [69 Cal.Rptr. 473].

[4]A conference at the bench was held with a deputy public defender who represented defendant in a probation revocation matter. Thereafter, the judge urged defendant to accept counsel.

you. I think, no matter how intelligent you are, you are not an attorney, and I think that they can do a better job representing you than you can yourself. Do you want to reconsider? THE DEFENDANT: Uh, I realize, as I said before, that they do know things that I don't know, but I would just rather try to do it myself, if I could."

At a subsequent date, before trial, following argument on a discovery motion, filed by defendant, the judge again urged defendant to accept the public defender. The judge's concern was limited to defendant's legal ability not her mental competency.[5]

■ The record establishes that the trial judge carefully and repeatedly carried out the mandates of *Faretta* v. *California, supra*, 422 U.S. 806 and *Curry* v. *Superior Court, supra*, 75 Cal.App.3d 221. ■ It is not a reasonable conclusion, from this record, that the finding of defendant's insanity within the meaning of Penal Code section 1368 at her probation hearing mandates such a finding for the trial period when she forcefully exercised her right to defend herself. The companion contention made by defendant is to the effect that a document filed by her at the time she made a section 1118 Penal Code motion and other evidence should have caused suspension of proceedings to inquire into her competency.[6]

■ While bizarre actions and statements are to be noted, they do not establish incompetency warranting deprivation of the right to represent oneself, particularly in light of *People* v. *Zatko* (1978) 80 Cal.App.3d 534, 547 [145 Cal.Rptr. 643].

■ Defendant contends she was deprived of effective assistance of counsel at her probation and sentencing hearing. She had been found

---

[5]At the beginning of the June 30 *Faretta* hearing, the court indicated that it had read the report from Doctor James H. Wells, in which the doctor stated that appellant appeared to function with sufficient adequacy so as to meet the test of sanity under Penal Code section 1368. Dr. Wells' report contained background information regarding appellant including appellant's statement that she had a bachelor of science degree from Northwestern University and had worked as a legal secretary and legal assistant for a number of years. During the interview with Dr. Wells, appellant was oriented as to time, place, person and situation. Dr. Wells estimated that appellant's basic intellectual capability was in the bright-normal range.

[6]More than a month after the jury returned its verdict in this case, the judge received the reports of Doctors Lambert and Kaufman and found defendant then incompetent. At that time the judge stated: "...in my opinion she was capable of understanding the proceedings taken against her during the course of the trial and *I have noted a change following the verdict of the jury*." (Italics added.)

incompetent under Penal Code section 1368 on September 8 and sent to Patton State Hospital. Thereafter she was certified competent and returned to court. Defendant was then represented by a deputy public defender. The deputy public defender did not move for a new trial so that an insanity plea could be entered. There is no merit to this argument, for, as we have heretofore stated, she properly was authorized to represent herself at the trial and was competent during trial; there would have been no purpose in making such a motion.

■ Where it has been determined that a defendant is competent to represent oneself, defenses which an attorney may properly have raised but were not are waived. It is for the defendant to determine what defenses, if any, are to be raised once proper status has been authorized and this right to self-determination continues until the pro. per. status ceases. (See *People* v. *Teron, supra*, 23 Cal.3d 103, 115.)

The representation made by her counsel at the time of the sentencing hearing was very competent and he made full use of defendant's disabilities in pleading her case. We find no error in the trial for sentencing in this case.

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.