[No. F015277. Fifth Dist. Jan. 24, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
CORINTHIANS CANFIELD, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I-B and II.

## COUNSEL

Mark E. Cutler and Alys Briggs, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert Anderson, Assistant Attorney General, Maureen A. Daly and Alan Ashby, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BEST, P. J.—Corinthians Canfield appeals from the judgment entered on a jury verdict convicting him of attempted murder (Pen. Code,[1] §§ 664/187) and arson of an inhabited structure (§ 451, subd. (b)). After defendant was arraigned, he was adjudged incompetent to stand trial and criminal proceedings were suspended pursuant to section 1368. Before defendant was transferred to Atascadero, he filed a *Faretta*[2] motion. The court denied the motion without prejudice because defendant had not served the district attorney. Several months later, defendant was certified competent and criminal proceedings were reinstated.

Defendant contends: (1) the trial court had no jurisdiction to rule on the *Faretta* motion; (2) if the court had jurisdiction, it was prejudicial error to deny the motion for the grounds stated without a hearing; and (3) the arson conviction must be stayed pursuant to section 654. We hold the court had jurisdiction to rule on the motion and did not err by denying it. In the unpublished portion of the opinion, we conclude the judgment must be modified to stay imposition of the sentence for arson; in all other respects we will affirm.

### FACTS

On August 4, 1989, defendant had a domestic dispute with his girlfriend, Mildred, over their five-year-old child, Darnell, which resulted in police intervention. That night, defendant went to the apartment where Mildred and Darnell were staying with Mildred's sister. While Mildred was sleeping in bed with the child, defendant poured gasoline on her through a window. She fled with Darnell as defendant threw in a match. The room burned but Mildred and Darnell escaped without injuries. Defendant told a police officer he was out of town when the fire occurred.

### DISCUSSION

### I.   *The Faretta Motion*

On January 22, 1990, defense counsel expressed doubt as to defendant's competency because defendant sent defense counsel on several "wild goose chases" in order to test his investigative abilities. The court ordered criminal proceedings suspended pursuant to section 1368 and appointed a physician to examine defendant. Defendant refused to speak with the psychiatrist

---

[1]All statutory references are to the Penal Code unless otherwise indicated.
[2]*Faretta* v. *California* (1975) 422 U.S. 806, 836 [45 L.Ed.2d 562, 582, 95 S.Ct. 2525].

because he believed the evaluation was a tactic to delay his trial. On February 20, 1990, after reviewing the physician's report,[3] the court found defendant incompetent to stand trial and committed him to Atascadero State Hospital. On March 5, 1990, before he was transported to the hospital, defendant filed, in propria persona, a motion for change of venue, a Code of Civil Procedure section 170.6 motion and a *Faretta* motion. Without a hearing, the court denied the *Faretta* motion without prejudice because defendant had not served the district attorney.

On June 6, 1990, the court found that defendant was restored to competency, reinstated the criminal proceedings and set the matter for trial. On June 12, 1990, defendant returned to court for a *Marsden*[4] hearing. He was dissatisfied with his counsel because counsel would not file his motions (for change of venue and to suppress evidence) and had initiated the section 1368 proceedings against his wishes. After hearing from defense counsel regarding the erosion of the attorney-client relationship, the court granted the *Marsden* motion and appointed new counsel.

Defendant now contends the court erred in its response to the *Faretta* motion. First, the court lacked jurisdiction to rule on the motion while criminal proceedings were suspended pursuant to section 1370, subdivision (a)(1). Second, if the court had jurisdiction to rule on the motion, it erred in denying it, without prejudice, for failure to notice the prosecutor and without affording defendant a hearing on the matter. For the reasons set forth below, we disagree with both contentions.

## A. *The Court Had Jurisdiction to Rule on the Motion*

If the defendant is found mentally incompetent, the "trial or judgment shall be suspended until the person becomes mentally competent. . . ." (§ 1370, subd. (a)(1).) However, the California Supreme Court has held that after proceedings are suspended pursuant to section 1368 (when a doubt is raised as to defendant's competency and before a hearing on the issue), the court can properly consider a defendant's *Marsden* motion before proceeding with the competency hearing. (*People* v. *Stankewitz* (1990) 51 Cal.3d 72 [270 Cal.Rptr. 817, 793 P.2d 23].) The court reasoned, while section 1368 mandates the suspension of " 'all proceedings in the criminal prosecution,' " once the court has ordered a hearing into the mental competence of the defendant,

---

[3]The report indicated: (a) defendant was irrational and could not be reasoned with; (b) a rational individual with serious charges pending would have cooperated with the legal procedures designed to benefit him; (c) defendant did not trust his attorney due to "distorted mental processes;" and (d) he cannot cooperate with his attorney in preparing his defense in a rational manner.

[4]*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

the Sixth Amendment right to effective representation compels a hearing and an order granting a motion for substitution of counsel when there is a sufficient showing that the defendant's right to the assistance of counsel will be substantially impaired if his request is denied. (*Id.* at pp. 87-88.)

The court added that entertaining the motion did not amount to reinstituting "the case against defendant." (*People* v. *Stankewitz, supra,* 51 Cal.3d at p. 88.) And the particular circumstances of the case amply justified the court's response. The trial court suspended the proceedings pursuant to section 1368 based on evidence that defendant harbored delusions of a conspiracy between the district attorney and the public defender. Thus, a substitution of counsel might have avoided the necessity for ordering a full competency hearing. (*Ibid.*)

While this case is distinguishable from *Stankewitz* in that defendant, an adjudged incompetent, requested to represent himself, similar principles apply in both situations. First, entertaining a *Faretta* motion does not reinstate "the case against defendant" in contravention of section 1370, subdivision (a)(1). Second, mental competency to stand trial is not equated with competency to waive the assistance of counsel. (5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, § 2818, p. 3429.) While some courts have described the standard of competence for making the decision to represent oneself as "vaguely higher" than the standard for competence to stand trial (*People* v. *Burnett* (1987) 188 Cal.App.3d 1314, 1321 [234 Cal.Rptr. 67]; *People* v. *Zatko* (1978) 80 Cal.App.3d 534, 543 [145 Cal.Rptr. 643]), we view the standard not necessarily as "higher" but as related but distinguishable.

A defendant is incompetent under section 1367 if, as a result of a mental disorder, he "is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." On the other hand, a defendant in a criminal trial has a constitutional right to represent himself when he "knowingly and intelligently" waives the right of counsel and, being aware of the disadvantages of self-representation, makes his choice "with eyes open." (*Faretta* v. *California, supra,* 422 U.S. at pp. 834-835 [45 L.Ed.2d at pp. 581-582].) In determining whether the defendant has made a knowing and intelligent election, the court must make some inquiry into the defendant's capacity to make such an election. If there is any question in the court's mind as to defendant's mental capacity, the court must undertake a careful inquiry into the subject, ordinarily by way of a psychiatric examination. (*People* v. *Burnett, supra,* 188 Cal.App.3d at p. 1318.)

As a practical matter, we believe when a defendant is adjudged incompetent under section 1367, he will likewise be unable to make a

knowing and intelligent waiver of his right to counsel. For example, in *People* v. *Burnett, supra,* the court held where the person whose competence to waive counsel is in question is confined in a mental facility pursuant to judicial decree and the state maintains that such confinement should continue because the person continues to suffer from a mental disability, mental competence to waive counsel is in doubt as a matter of law and such a person cannot be found competent to represent himself without judicial consideration of psychiatric evidence bearing upon the question. (188 Cal.App.3d at p. 1322; contra, *People* v. *Powell* (1986) 180 Cal.App.3d 469, 477 [225 Cal.Rptr. 703].)

However, there may be cases where defendant's inability to assist counsel with the conduct of his defense hinges on delusions with regard to trial counsel or attorneys in general. In those cases, the granting of a *Faretta* motion upon the necessary findings (see e.g., *People* v. *Burnett, supra,* 188 Cal.App.3d at p. 1327) may facilitate a restoration of competence. Accordingly, the court is not without jurisdiction to entertain a *Faretta* motion while proceedings are suspended pursuant to section 1370, subdivision (a)(1).

I B.-II.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## Disposition

Section 654 precludes a concurrent sentence for the arson offense. The judgment is modified to stay imposition of sentence for arson. In all other respects the judgment is affirmed.

Dibiaso, J., and Thaxter, J., concurred.

---

*See footnote, *ante,* page 1357.