Opinion
 

 PUGLIA, P. J.
 

 A jury convicted defendant of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(2)), grossly negligent discharge of a firearm (Pen. Code, § 246.3) and possession of a firearm by a convicted
 
 *978
 
 felon (Pen. Code, § 12021, subd. (a)). The jury found defendant personally used a firearm (Pen. Code, § 12022.5, subd. (a)), inflicted great bodily injury (Pen. Code, § 12022.7) in committing the assault, suffered a serious felony conviction (Pen. Code, § 667, subd. (a)) and served a prior prison term (Pen. Code, § 667.5). The court sentenced defendant to prison for 14 years and 8 months.
 

 Defendant appeals, contending the trial court erred in refusing his request to represent himself.
 
 (Faretta
 
 v.
 
 California
 
 (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].) We agree and shall reverse.
 

 During pretrial proceedings defendant, who was represented by the public defender, informed the court he wished to represent himself. After extensive questioning by the court into defendant’s background and understanding of the potential consequences of self-representation, the court continued the case to the following afternoon to give defendant time to reconsider his request.
 

 The following day, defense counsel expressed a concern whether defendant was competent to stand trial. The court expressed a doubt as to defendant’s present mental competence, suspended criminal proceedings, appointed doctors to examine defendant psychiatrically and ordered a hearing. (Pen. Code, §§ 1368, 1368.1 & 1369.)
 

 The issue was submitted on the doctors’ reports. The court considered the reports and found defendant competent to stand trial. The court then denied defendant’s pending
 
 Faretta
 
 request.
 
 [1]
 
 The court explained: “I am going to make a determination that although competent to stand trial, you’re not competent to make the decision to represent yourself or, in effect, represent yourself, [f] I’m making specific reference to the finding that there is some level of delusions and grandeur
 
 [sic]
 
 you have with regard to this issue as referenced in the medical reports. And, also, to the occasional non sequitur responses to the questions. Not necessarily the question I asked you today, but the hearing we had earlier. []Q I don’t believe you’re competent to make a knowing and intelligent decision with regard to representing yourself. And with regard to your ability to state in a coherent fashion basis for your defense, I don’t believe you have the competency to do that.”
 

 Defendant later renewed his
 
 Faretta
 
 request at a trial setting conference held before a different judge. The court denied the request, stating: “Well, according to the doctor, although you apparently do not have a mental
 
 *979
 
 disease or disorder, he says your thought patterns are a bit eccentric, rather grandiose and somewhat bizarre. [¡[] And the doctor says that you should not be representing yourself because you are quite naive and erroneous about your ability to defend yourself. . . . HU You think [of] everything in real simple terms, and you’re not able to think through clearly all the legal ramifications. You have apparently a real easy answer for everything, and some things are quite complicated, fi[] I’m not going to change the prior judge’s ruling that you’re not competent to represent yourself. He read all of these doctors’ reports and concluded that it would be unfair and probably result in an uneven—I’m sure he felt that going against a trained prosecutor you could not appropriately represent yourself and handle all the legal issues that are going to come up. [ft] So I’m not going to disturb Judge Connelly’s finding that it would be appropriate.
 
 Farretta
 
 [sic] is again denied.”
 

 In
 
 Faretta,
 
 the United States Supreme Court held that a defendant in a state criminal prosecution has a constitutional right under the Sixth and Fourteenth Amendments to waive counsel and represent himself.
 
 (Faretta
 
 v.
 
 California, supra,
 
 422 U.S. at pp. 819-821 [45 L.Ed.2d at pp. 572-574, 95 S.Ct. at p. 2525].) Once defendant asserts this right, the court must determine whether he has the mental capacity to make a voluntary and intelligent waiver of the right to counsel.
 
 (People
 
 v.
 
 Joseph
 
 (1983) 34 Cal.3d 936, 943 [196 Cal.Rptr. 339, 671 P.2d 843].) In making this determination, “[t]he trial court is not concerned with the wisdom of defendant’s decision to represent himself, or with how well he can do so. The sole relevant question is whether the defendant has the mental capacity to knowingly waive counsel while realizing the probable risks and consequences of self-representation. . . .”
 
 {People
 
 v.
 
 Clark
 
 (1992) 3 Cal.4th 41, 107 [10 Cal.Rptr.2d 554, 833 P.2d 561], citations omitted.)
 

 In the present case, the court found defendant competent to stand trial but “not competent to make the decision to represent yourself or, in effect, [to] represent yourself.” These rulings are antithetical. The United States Supreme Court has expressly “rejected] the notion that competence ... to waive the right to counsel must be measured by a standard that is higher than (or even different from ) the . . . standard [for competence to stand trial].”
 
 {Godinez
 
 v.
 
 Moran
 
 (1993) 509 U.S. _ [125 L.Ed.2d 321, 113 S.Ct. 2680].)
 

 Furthermore, in denying the request for self-representation, the court improperly considered defendant’s ability to represent himself. The high court has also recently spoken to that point: “[T]he competence that is required of a defendant seeking to waive his right to counsel is the competence to
 
 waive the right,
 
 not the competence to represent himself.” (509 U.S. at p. __ [125 L.Ed.2d at p. 332]; original italics.)
 

 
 *980
 
 The United States Supreme Court recently stated: “[Although the defendant ‘may conduct his own defense ultimately to his own detriment, his choice must be honored[.]’ . . . Thus, while ‘[i]t is undeniable that in most criminal prosecutions defendants could better defend with counsel’s guidance than by their own unskilled efforts,’ a criminal defendant’s ability to represent himself has no bearing upon his competence to
 
 choose
 
 self-representation.”
 
 (Godinez
 
 v.
 
 Moran, supra,
 
 509 U.S. _ [125 L.Ed.2d at p. 333], citations and footnote omitted.)
 

 The
 
 Faretta
 
 court acknowledged the apparent inconsistency between the holding in that case and the thrust of its own Sixth Amendment jurisprudence: “There can be no blinking the fact that the right of an accused to conduct his own defense seems to cut against the grain of this Court’s decisions holding that the Constitution requires that no accused can be convicted and imprisoned unless he has been accorded the right to the assistance of counsel (See
 
 Powell
 
 v.
 
 Alabama
 
 [1932] 287 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55, 85 A.L.R. 527;
 
 Johnson
 
 v.
 
 Zerbst
 
 [1937] 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019, 146 A.L.R. 357;
 
 Gideon
 
 v.
 
 Wainwright
 
 [1963] 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733;
 
 Argersinger
 
 v.
 
 Hamlin
 
 [1972] 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006.) For it is surely true that the basic thesis of those decisions is that the help of a lawyer is essential to assure the defendant a fair trial. And a strong argument can surely be made that the whole thrust of those decisions must inevitably lead to the conclusion that a State may constitutionally impose a lawyer upon even an unwilling defendant.” (422 U.S. at pp. 832-833 [45 L.Ed.2d at p. 580], fn. omitted.)
 

 Explaining its resolution of the apparent conflict in favor of the right of self-representation the court said: “The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of ‘that respect for the individual which is the lifeblood of the law.’
 
 (Illinois
 
 v.
 
 Allen
 
 [1970] 397 U.S. 337, 350-351 [25 L.Ed.2d 353, 90 S.Ct. 1057] (Brennan, J., concurring).” (422 U.S. at p. 834 [45 L.Ed.2d at p. 581].)
 

 A more pungent rendering of the same principle appears in
 
 Adams
 
 v.
 
 U.S.
 
 ex rel.
 
 McCann
 
 (1942) 317 U.S. 269 [87 L.Ed. 268, 63 S.Ct. 236,143 A.L.R. 435] which the
 
 Faretta
 
 court quoted: “ ‘The right to assistance of counsel and the
 
 correlative right to dispense with a lawyer’s help
 
 are not legal formalisms. They rest on considerations that go to the substance of an
 
 *981
 
 accused’s position before the law . . . . [ID . . . What were contrived as protections for the accused should not be turned into fetters. ... To deny an accused a choice of procedure in circumstances in which he, though a layman, is as capable as any lawyer of making an intelligent choice, is to impair the worth of great Constitutional safeguards by treating them as empty verbalisms, [f]. . . When the administration of the criminal law . . . is hedged about as it is by the Constitutional safeguards for the protection of an accused, to deny him in the exercise of his free choice the right to dispense with some of these safeguards ... is to imprison a man in his privileges and call it the Constitution.’
 
 {Id,.,
 
 at 279-280 [87 L.Ed. 268, 63 S.Ct. 236, 143 A.L.R. 435, italics original].)” (422 U.S. at p. 815 [45 L.Ed.2d at p. 570].)
 

 Respect for the dignity and autonomy of the individual is a value universally celebrated in free societies and uniformly repressed in totalitarian and authoritarian societies. Out of fidelity to that value defendant’s choice must be honored even if he opts foolishly to go to hell in a handbasket. At least, if the worst happens, he can descend to the netherworld with his head held high. It’s called, “Doing It My Way.”
 

 We hold the trial court erred in denying defendant’s request to represent himself.
 
 [2]
 
 Since the error is prejudicial per se
 
 {People
 
 v.
 
 Ortiz
 
 (1990) 51 Cal.3d 975, 987-988 [275 Cal.Rptr. 191, 800 P.2d 547]), we reverse.
 

 On remand, if defendant again seeks to waive his right to counsel, the trial court must determine not only defendant’s competence to waive but also, if defendant is competent, whether the waiver is intelligent and voluntary. (See
 
 Godinez
 
 v.
 
 Moran, supra,
 
 509 U.S._[125 L.Ed.2d at pp. 333-334.]
 

 The judgment is reversed.
 

 Blease, J., and Raye, J., concurred.
 

 [1]
 

 Criminal proceedings were not formally resumed. (Pen. Code, § 1370, subd. (a).) The mental competence proceedings and the criminal proceedings were before the same judge.
 

 [2]
 

 To the extent
 
 People
 
 v.
 
 Burnett
 
 (1987) 188 Cal.App.3d 1314 [234 Cal.Rptr. 67] and
 
 People
 
 v.
 
 Manago
 
 (1990) 220 Cal.App.3d 982 [269 Cal.Rptr. 819] would suggest otherwise, we disagree with those opinions.