[No. A063043. First Dist., Div. Four. Jan. 10, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
FELIX D. HIGHTOWER, Defendant and Appellant.

COUNSEL

David Sundelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ANDERSON, P. J.—Felix D. Hightower (appellant) appeals his conviction of second degree murder and arson, contending that the trial court erred in finding him competent to stand trial. He also petitions for a writ of habeas corpus, contending that the trial court erred in finding him incompetent to represent himself. Appellant essentially argues his claims in the alternative: (a) he was improperly found competent to stand trial; or (b) if he were properly found competent to stand trial, he was necessarily competent to waive his right to counsel and represent himself. We find the first claim unmeritorious but agree with the second.

## I. *Background*

Appellant was charged with one count of murder and one count of arson. Before trial he filed five motions, all of which were denied, requesting substitution of defense counsel. Appellant also filed a motion for self-representation. At the hearing the court questioned appellant about his desire to represent himself. The court also discussed with appellant the seriousness of the case and the consequences of waiving counsel. Following this discussion the court ordered an evaluation of the appellant according to Penal Code

section 4011.6.[1] After reviewing the section 4011.6 report, the court determined that appellant did not have the mental capacity to waive his right to an attorney.

At that point appellant requested that the criminal proceedings be suspended under section 1368, subdivision (b), to determine whether he was competent to stand trial. The court granted the motion and suspended the proceedings. Two alienists visited appellant, but he did not cooperate with one and only partially cooperated with the other. Based upon the section 4011.6 evaluation, the limited discussions with appellant, and conversations with those who knew appellant, the alienists concluded that appellant understood the proceedings and was capable of assisting counsel for the defense. The matter was submitted on the reports and the court found appellant competent to stand trial.

Prior to trial, appellant again moved for self-representation. The motion was denied. Thereafter, appellant was tried, and a jury found him guilty of second degree murder and arson of a structure. The court sentenced appellant to 16 years to life.

## II. Substantial Evidence Supports the Trial Court's Determination That Appellant Was Competent to Stand Trial

Appellant contends that the psychological evaluations were insufficient to establish that he was competent to stand trial. We disagree.

"A defendant is mentally incompetent . . . [if] the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (§ 1367.) On appeal a finding of competency to stand trial "cannot be disturbed if there is any substantial and credible evidence in the record to support the finding." (*People* v. *Campbell* (1976) 63 Cal.App.3d 599, 608 [133 Cal.Rptr. 815].)

Neither party offered any evidence on the issue of competency; thus, that issue was submitted on the basis of the alienists' reports. Appellant argues that the reports did not constitute adequate evidence of competency because they were based on insufficient examinations of appellant.

However, a defendant is presumed mentally competent to stand trial "unless it is proved by a preponderance of the evidence that the defendant is

---

[1]Penal Code section 4011.6 allows a judge to transfer a prisoner to a facility for treatment and evaluation of possible mental disorder.

All further statutory references are to the Penal Code.

mentally incompetent." (§ 1369, subd. (f); *People* v. *Medina* (1990) 51 Cal.3d 870, 881-886 [274 Cal.Rptr. 849, 799 P.2d 1282].)[2] Appellant asserts that his disruptive behavior in the courtroom and disputes with defense counsel prove that he was not competent to stand trial. His conduct demonstrates an unwillingness to cooperate with defense counsel but does not constitute proof of mental incompetence. "[T]he test, in a section 1368 proceeding, is competency to cooperate, not cooperation." (*People* v. *Superior Court (Campbell)* (1975) 51 Cal.App.3d 459, 464 [124 Cal.Rptr. 158].) Thus, the conduct of appellant did not rebut the presumption of mental competence to stand trial.

Further, the alienists' reports did not rebut the presumption of competence but, instead, supported the conclusion that appellant was competent to stand trial. Although examination of appellant was limited by his refusal to participate, the alienists concluded from the information they gathered that the appellant was aware of the nature of the proceedings and was able to assist defense counsel. They found no indication of mental disorder in the section 4011.6 report or in talking to appellant's stepmother. Also, appellant's responses and conduct during the examinations appeared rational and well thought out. The reports conclude that appellant was merely unwilling to cooperate with counsel and demonstrated no sign of mental disorder. Thus, we find substantial and credible evidence in the record indicating that appellant understood the nature of the proceedings and was able to assist defense counsel.[3]

### III. *The Trial Court's Finding of Competence to Stand Trial Equates to Competence to Waive Assistance of Counsel*

In *Dusky* v. *United States* (1960) 362 U.S. 402 [4 L.Ed.2d 824, 80 S.Ct. 788], the Supreme Court held that the standard for competence to stand trial is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him."

In *Godinez* v. *Moran* (1993) 509 U.S. 389 [125 L.Ed.2d 321, 113 S.Ct. 2680]), the Supreme Court articulated for the first time the standard for

---

[2]In *Medina* v. *California* (1992) 505 U.S. 437 [120 L.Ed.2d 353, 112 S.Ct. 2572]), the United States Supreme Court held that the presumption of section 1369 does not violate due process.

[3]Appellant's opening brief raised the additional claim that "the use of shackles to restrain appellant in the courtroom was prejudicial error." He does not reassert that claim in his reply brief. We assume that he, as are we, was persuaded by the Attorney General's argument in response that the trial court did not abuse its discretion in authorizing the use of handcuffs during the first session of trial.

determining competence to plead guilty or to waive the right to assistance of counsel. The court specifically *rejected* "the notion that competence to plead guilty or to waive the right to counsel *must* be measured by a standard that is higher than (or even different from) the *Dusky* standard." (*Id.* at p. 398 [125 L.Ed.2d at p. 331], italics added.)

The Supreme Court concluded that "[r]equiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel. While psychiatrists and scholars may find it useful to classify the various kinds and degrees of competence, and while States are free to adopt competency standards that are *more elaborate* than the *Dusky* formulation, the Due Process Clause does not impose these additional requirements." (*Godinez* v. *Moran, supra,* 509 U.S. at p. 402 [125 L.Ed.2d at p. 334], italics added.) Put another way, *Godinez* teaches us that California is free to adopt "more elaborate" standards than the *Dusky* standard for determining competence to waive the right to counsel but is not required to do so. We now consider California's standards for determining competence to stand trial and competence to waive the right to counsel.

The standard for determining competence to stand trial is established by section 1367, subdivision (a): "A person cannot be tried or adjudged to punishment while that person is mentally incompetent. A defendant is mentally incompetent for purposes of this chapter if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings *or* to assist counsel in the conduct of a defense in a rational manner." (Italics added.)

No statute governs competence to waive the right to counsel. The Attorney General argues that California courts have adopted a test for such competence which is "higher, more stringent, more elaborate than, or different from" the section 1367 competence test. The Attorney General bases that contention principally on *People* v. *Canfield* (1992) 2 Cal.App.4th 1357, 1361 [3 Cal.Rptr.2d 825]: "[M]ental competency to stand trial is not equated with competency to waive the assistance of counsel. (5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, § 2818, p. 3429.) While some courts have described the standard of competence for making the decision to represent oneself as 'vaguely higher' than the standard for competence to stand trial (*People* v. *Burnett* (1987) 188 Cal.App.3d 1314, 1321 . . . ; *People* v. *Zatko* (1978) 80 Cal.App.3d 534, 543 . . .), we view the standard not necessarily as 'higher' but as related but distinguishable. [¶] A defendant is incompetent under section 1367 if, as a result of a mental disorder, he 'is unable to understand the nature of the criminal proceedings or to assist

counsel in the conduct of a defense in a rational manner.' On the other hand, a defendant in a criminal trial has a constitutional right to represent himself when he 'knowingly and intelligently' waives the right of counsel and, being aware of the disadvantages of self-representation, makes his choice 'with eyes open.' (*Faretta* v. *California* [(1975) 422 U.S. 806,] 834-835 . . . .)"

We begin our evaluation of *People* v. *Canfield, supra,* 2 Cal.App.4th 1357, by considering the authorities relied upon by that court. The proposition that "mental competency to stand trial is not equated with competency to waive assistance of counsel" is derived from Witkin and Epstein, California Criminal Law. The section from which that proposition is derived is entitled: "*Psychiatric Examination Not Required* [when a defendant seeks to represent himself]." Witkin and Epstein then note: "Mental competency to stand trial . . . is not equated with competency to waive the assistance of counsel; even though a defendant has a history of mental disorder, a medical inquiry is not required if it appears that his election to represent himself is knowing and intelligent." (5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, § 2818, p. 3429.) Witkin and Epstein cite three cases in support of the noted proposition(s): *People* v. *Teron* (1979) 23 Cal.3d 103, 114 [151 Cal.Rptr. 633, 588 P.2d 773]; *People* v. *Miller* (1980) 110 Cal.App.3d 327, 332 [167 Cal.Rptr. 816]; and *People* v. *Zatko* (1978) 80 Cal.App.3d 534, 541[145 Cal.Rptr. 643]. In fact, *People* v. *Teron, supra,* 23 Cal.3d at page 114, stands only for the proposition that a psychiatric evaluation is not necessarily required when a defendant seeks to represent himself; and *People* v. *Miller, supra,* 110 Cal.App.3d at pages 331-333, stands for the proposition that a finding that the defendant was incompetent at a sentencing hearing did not mandate a finding that she was incompetent to represent herself given the state of the record at the time she sought to represent herself. Simply put, neither case stands for the proposition that the standard for competency to stand trial is different from the standard for competency to represent oneself.

In *People* v. *Zatko, supra,* 80 Cal.App.3d at page 543, Division Two of this district indicated that " 'the standard of competence for making the decision to represent oneself is vaguely higher than the standard for competence to stand trial.' " In so indicating, the *Zatko* court relied on *United States ex rel. Konigsberg* v. *Vincent* (2d Cir. 1975) 526 F.2d 131, 133, in its interpretation of the United States Supreme Court's pronouncements in *Westbrook* v. *Arizona* (1966) 384 U.S. 150 [16 L.Ed.2d 429, 86 S.Ct. 1320]. In *People* v. *Burnett* (1987) 188 Cal.App.3d 1314, 1321 [234 Cal.Rptr. 67], Division Two again reached essentially the same conclusion—". . . the standard for determining competence to stand trial is lower than the standard for determining competence to waive counsel"—based on the same authority.

Two key points are evident from an examination of *Zatko* and *Burnett*. First, neither applied a "California rule" or a "California standard" for determining competence to represent oneself. Both opinions assessed the rights of defendants tried in California state courts under federal standards.[4] Put another way, both the *Zatko* and *Burnett* courts assumed that the California standard and the federal standard were the same. The second key point is that the *Zatko* and *Burnett* courts misinterpreted *Westbrook* v. *Arizona, supra,* 384 U.S. 150.

In *Godinez,* the Supreme Court discussed its opinion in *Westbrook*: "In *Westbrook,* . . . we vacated the lower court's judgment affirming the petitioner's conviction, because there had been 'a hearing on the issue of [the petitioner's] competence to stand trial,' but 'no hearing or inquiry into the issue of his competence to waive his constitutional right to the assistance of counsel.' [Citation.]" (*Godinez* v. *Moran, supra,* 509 U.S. at p. 397 [125 L.Ed.2d at pp. 330-331].) The court then noted that the Ninth Circuit had read too much into *Westbrook* by interpreting it as applying two different competency standards and concluded that "*Westbrook* stands only for the unremarkable proposition that when a defendant seeks to waive his right to counsel, a determination that he is competent to stand trial is not enough; the *waiver* [of that right] must also be intelligent and voluntary before it can be accepted." (*Godinez* v. *Moran, supra,* 509 U.S. at pp. 397, 401-402 [125 L.Ed.2d at pp. 331, 334], fn. omitted, italics added.)

*Godinez,* thus, makes it clear that *Westbrook* does not establish a higher competency standard for waiving the right to counsel than for standing trial. As such, all federal cases which have reached a different conclusion and all state cases, including *Burnett* and *Zatko,* which have relied on those federal cases or *Westbrook* directly in inferring such a higher competency standard are wrong.

We are also hard pressed to understand the *Canfield* "related but distinguishable" standard. The standard is not articulated in any meaningful fashion, and *Faretta*—the case seemingly relied upon by the *Canfield* court in articulating the standard—does not establish a standard of competence for self-representation which is different from or higher than the standard of competence to stand trial. *Faretta* certainly requires that a defendant choosing self-representation must do so "competently and intelligently." (*Faretta* v. *California* (1975) 422 U.S. 806, 834-835 [45 L.Ed.2d 562, 581-582, 95 S.Ct. 2525].) What *Faretta* means in the context of a waiver of the right to

---

[4]The Attorney General has not cited and our independent research has not led us to a single California case in which a "California" standard which is different from (or "more elaborate than") the federal standard for determining competence to waive counsel has been identified.

counsel is that a trial court must determine (a) that a defendant is competent to make such a waiver *and* (b) that the waiver is knowing and voluntary. "In this sense there *is* a 'heightened' standard for . . . waiving the right to counsel, but it is not a heightened standard of *competence*." (*Godinez* v. *Moran, supra,* 509 U.S. at pp. 400-401 [125 L.Ed.2d at p. 333], fn. omitted, italics in original.)

In sum, California courts appear not to have adopted a "more elaborate" standard than the federal standard for determining competence to waive the right to counsel. Under *Godinez,* that standard is the same as the standard for competence to stand trial. Because the trial court properly found appellant competent to stand trial, it necessarily follows that the trial court erred in denying appellant's motion for self-representation. The two rulings are simply antithetical. (*People* v. *Nauton* (1994) 29 Cal.App.4th 976, 979 [34 Cal.Rptr.2d 861].) Such error is prejudicial per se. (*People* v. *Ortiz* (1990) 51 Cal.3d 975, 987-988 [275 Cal.Rptr. 191, 800 P.2d 547].)

The judgment is reversed.

Poché J., and Reardon, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 27, 1996.