[No. C014311. Third Dist. Jan. 25, 1993.]

CAMERADO INSURANCE AGENCY, INC., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
EDWARD R. STOLZ II, Real Party in Interest.

**COUNSEL**

Ericksen, Arbuthnot, Brown, Kilduff & Day and Mark S. Tratten for Petitioner.

No appearance for Respondent.

John A. Bodney for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—Petitioner (defendant) seeks a writ of mandate directing respondent superior court to set aside its order denying defendant's motion

for security, brought pursuant to the vexatious litigant statute. (Code Civ. Proc., § 391 et seq.; further statutory references to sections of an undesignated code are to the Code of Civil Procedure.)

While represented by counsel, real party in interest, individually and doing business as two unincorporated sole proprietorships (hereafter plaintiff), sued defendant and several others who are not party to this original proceeding, alleging causes of action sounding in contract and tort. The facts alleged in plaintiff's complaint are not relevant to this proceeding.

Defendant moved for an order requiring plaintiff to furnish security in the amount of $62,000. Defendant asserted plaintiff is a vexatious litigant because plaintiff has, inter alia, commenced at least five litigations in propria persona during the past seven years which have been finally determined adversely to him or unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. (See § 391, subd. (b)(1).)

At hearing on the motion, the parties and respondent court focused on whether the vexatious litigant statute applies to a litigant who is presently represented by counsel, despite having commenced five litigations in propria persona in the previous seven years. Respondent court concluded that, when read as a whole, the statute implicitly applies only to litigants acting in propria persona in the civil action in which the vexatious litigant motion is brought. Accordingly, because plaintiff had at all times been represented by counsel in the underlying litigation, the court denied defendant's motion for security without considering evidence on the question whether plaintiff meets the other statutory criteria of a vexatious litigant.

Defendant filed this petition for writ of mandate on September 22, 1992. On October 8, 1992, we notified the parties we were considering issuing a peremptory writ of mandate in the first instance and that any further opposition to the petition was to be filed by October 23, 1992. We also stayed further proceedings in the respondent court pending receipt of opposition and further order of this court. Having considered plaintiff's opposition, we shall order a writ of mandate to issue.

■ Defendant contends respondent court's construction of the vexatious litigant statute, as applying only to litigants acting in propria persona in the litigation in which the motion is brought, is inconsistent with the plain language of the statute, its legislative history, policy, case law and commentary. We agree.

■ "In construing a statute 'we begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the

purpose of the law." ' [Citations.] 'An equally basic rule of statutory construction is, however, that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them.' [Citations.] Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. [Citations.] 'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' [Citations.]" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].)

The vexatious litigant statute (§ 391 et seq.) was first adopted by the Legislature in 1963. (Stats. 1963, ch. 1471, § 1, p. 3038.) In its present form, the statute permits a defendant in a civil action or proceeding to move for an order requiring the plaintiff to furnish security. (§§ 391, subds. (a), (d), 391.1.) "The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant." (§ 391.1.)

" 'Plaintiff' means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona." (§ 391, subd. (d).)

" 'Vexatious litigant' means a person who does any of the following: [¶] (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. [¶] (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined. [¶] (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. [¶] (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence." (§ 391, subd. (b).)

■ The language of this statute leaves little room for interpretation. The defendant who moves for security must prove the plaintiff is a vexatious litigant. A plaintiff is a person who commences, institutes or maintains a litigation. The Legislature defined a plaintiff as a person, not as a person acting in propria persona.[1] A vexatious litigant is a person who engages in, or has engaged in, any of the four types of conduct specified in section 391, subdivision (b). Of the four defining acts that transform a plaintiff into a vexatious litigant, each refers to acts committed while the person was in propria persona. Although the second and third acts described in the statute refer to a person acting in propria persona in the very proceeding in which a defendant attempts to obtain an order requiring the plaintiff to furnish security, the first and fourth do not. A plain reading of the statute indicates the Legislature intended it to apply, at least as to the first and fourth described acts (§ 391, subd. (b)(1) and (b)(4)), to persons currently represented by counsel whose conduct was vexatious when they represented themselves in the past.

Our reading of the statute is consistent with its legislative purpose. "The vexatious litigant statutes were enacted to require a person found a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of one of these obsessive and persistent litigants whose conduct can cause serious financial results to the unfortunate object of his attack." (*First Western Development Corp.* v. *Superior Court* (1989) 212 Cal.App.3d 860, 867 [261 Cal.Rptr. 116].) The legislative purpose would be frustrated by a construction of the statute which would permit a vexatious litigant to avoid the protection afforded potential targets simply by obtaining counsel.

Our construction of the statute is further supported by its legislative history, as well as the limited case law and commentary. The vexatious litigant statute was enacted in 1963 at the request of the State Bar. (38 State Bar J. 489, 663-664 (1963).) As initially enacted, the definition of "vexatious litigant" in section 391 was substantially identical to current subdivision (b)(1) and (b)(2) of section 391. (Stats. 1963, ch. 1471, § 1, p. 3038.) A commentator recognized that the statute ". . . does reach the litigant appearing by counsel if the litigant has the prior history requisite to make him a 'vexatious litigant' under the statute. . . . Plaintiff must have the requisite prior history of litigation in *propria persona*; that the plaintiff is appearing in *propria persona* in the action in which the motion to require security is irrelevant." (Comment, *The Vexatious Litigant* (1966) 54 Cal.L.Rev. 1769, 1782 and fn. 58.)

---

[1]The Legislature recently amended the definition of "plaintiff" to include an attorney acting in propria persona. We discuss this amendment below. (Stats. 1990, ch. 621, § 1.)

The Court of Appeal later concluded that "[t]he provisions of the vexatious litigant statute . . . do not preclude a stay or dismissal because an attorney is used in the action in which the motion is made." (*Muller* v. *Tanner* (1969) 2 Cal.App.3d 438, 444 [82 Cal.Rptr. 734].) In *Muller*, the trial court declared the plaintiff a vexatious litigant, under the provisions of section 391, subdivision (b)(1), in a civil action in which the plaintiff appeared in propria persona. The trial court ordered the plaintiff to furnish security. (2 Cal.App.3d at p. 441; *Muller* v. *Tanner* (1969) 2 Cal.App.3d 445, 463 [82 Cal.Rptr. 738].) Instead, the plaintiff refiled the identical complaint, but over the signature of an attorney.[2] Prior to dismissing the first action for the plaintiff's failure to furnish security, the trial court exercised its inherent power to dismiss the second action as sham, fictitious, or without merit. (2 Cal.App.3d 438, 441-443.)

The appellate court agreed the second action was "sham, fictitious, or without merit," explaining that allowing the plaintiff to file a second suit on the same cause of action would encourage vexatious litigation the statute was designed to prevent. The court held the plaintiff's use of an attorney to file the second suit "avails him naught" because the vexatious litigant statute applies to litigants represented by counsel in the action in which the motion is brought. (2 Cal.App.3d 438, 441, 444.) Plaintiff attempts to distinguish *Muller*, incorrectly asserting the trial court in that case sustained a demurrer based on another action pending. To the contrary, as the Court of Appeal explained, the trial court could only have abated the action on the ground of another action pending; instead, the trial court dismissed the action as sham, fictitious or without merit. (See 2 Cal.App.3d 438, 442, fn. 4.)

We presume the Legislature was aware of the judicial construction of section 391, subdivision (b)(1), as extending to vexatious litigants represented by counsel, when the Legislature amended the vexatious litigant statute in 1990. Moreover, we may presume the Legislature adopted that judicial construction by reenacting subdivision (b)(1) with nonsubstantive changes. (See, e.g., *Brailsford* v. *Blue* (1962) 57 Cal.2d 335, 339 [19 Cal.Rptr. 485, 369 P.2d 13]; *Ladd* v. *Board of Trustees* (1972) 23 Cal.App.3d 984, 990 [100 Cal.Rptr. 571].)[3]

A review of the 1990 amendments demonstrates the Legislature's intent to broaden the reach of the vexatious litigant statute. Accordingly, the Legislature expanded the definition of "litigation" to include civil actions in

---

[2]The second *Muller* v. *Tanner* opinion, published at 2 Cal.App.3d 445, involves the appeal from the judgment dismissing the first complaint after the plaintiff failed to furnish security.

[3]The Legislature made minor modifications to the vexatious litigant statute in 1975 and 1982, which are irrelevant to our analysis. (Stats. 1975, ch. 381, § 1, p. 855; Stats. 1982, ch. 517, §§ 98-100, pp. 2335-2336.)

federal courts, broadened the definition of "vexatious litigant" to incorporate the types of conduct set out in subdivision (b)(3) and (b)(4) of section 391, clarified that the definition of "plaintiff" includes attorneys acting in propria persona, extended the definition of "defendant" to include governmental entities, and empowered trial courts to enter prefiling orders prohibiting pro se vexatious litigants from filing new actions without prior court approval. (Stats. 1990, ch. 621, §§ 1-3.) Nothing in these amendments suggests a legislative intent to overturn the decision in *Muller* v. *Tanner, supra,* 2 Cal.App.3d 438, or otherwise limit the reach of the vexatious litigant statute. The expansive nature of the amendments suggests just the opposite.

Plaintiff does not make the argument that the 1990 amendment to the definition of "plaintiff" to include "an attorney at law acting in propria persona" implies that nonattorneys also are plaintiffs within the meaning of the vexatious litigant statute only when acting in propria persona. It is well that he does not because a plain reading of the statute does not readily admit of this conclusion. A more plausible reason for the amendment's limitation to attorneys "acting in propria persona" is to make plain that section 391 does not apply to opposing counsel, who is also a person who "commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained," and thus otherwise would fall within the definition of "plaintiff."

By the 1990 amendments, the Legislature also added section 391.7, which authorizes a trial court to enter a prefiling order prohibiting a vexatious litigant from filing any new litigation in propria persona without first obtaining court approval. Such an order would not limit a vexatious litigant from initiating litigation if represented by an attorney. Thus it could be argued that this amendment implies that other provisions of the statute are intended to apply solely to pro se litigants. But such an implication flies in the face of the evident purpose of the 1990 amendments as a whole to expand the reach of the vexatious litigant statute. The prefiling order authorized by section 391.7 is a powerful weapon to battle the vexatious litigant. It is not inconsistent with the broad reach of the vexatious litigant statute that the Legislature chose to limit this weapon to pro se vexatious litigants.

Plaintiff's reliance on other authorities is misplaced. *Taliaferro* v. *Hoogs* (1965) 236 Cal.App.2d 521 [46 Cal.Rptr. 147] upholds the constitutionality of the vexatious litigant statute but does not address the question whether the statute applies in some circumstances to vexatious litigants represented by counsel. *Hung* v. *Wang* (1992) 8 Cal.App.4th 908, 923 [11 Cal.Rptr.2d 113] merely cites *Taliaferro* for the proposition that the state may set the terms

under which it permits litigants to appear in its courts, and then describes the vexatious litigant statute in broad dicta.

Having complied with the procedural requirements delineated in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a peremptory writ of mandate in the first instance.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of August 27, 1992, denying defendant's motion for security pursuant to the vexatious litigant statute, and further directing the respondent court to consider the merits of defendant's motion for security. Upon this decision becoming final, the stay previously issued is vacated.

Sims, J., and Scotland, J., concurred.