[No. F022835. Fifth Dist. Oct. 1, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
CARL FRANKLIN HARRISON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, only the Statement of the Case, roman numeral I.B of the Discussion, and the Disposition of this opinion is certified for publication.

**COUNSEL**

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger, Thomas Y. Shigemoto and Troy L. Nunley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ARDAIZ, P. J.**—On December 13, 1989, the first of several informations was filed in Fresno County Superior Court against appellant Carl Franklin Harrison. On November 2, 1994, a jury convicted him as follows:

— Count one: Penal Code[1] section 286, subdivision (c) (forcible sodomy with child under age 14 and more than 10 years younger than Harrison; victim Tony R.).

— Counts two through six: Section 288a, subdivision (c) (forcible oral copulation with child under age 14 and more than 10 years younger than Harrison; victim Tony R.).

— Counts seven and eight: Section 288a, subdivision (c) (victim Victor R.).

— Count nine: Section 286, subdivision (c) (victim Victor R.).

— Count ten: Section 288a, subdivision (c) (victim Jeffrey R.).

— Counts eleven and twelve: Section 288a, subdivision (c) (victim Andrea G.).

— Count thirteen: Section 288, subdivision (a) (lewd and lascivious act on child under age 14; victim Andrea G.).

— Count fourteen: Section 261, subdivision (a)(2) (forcible rape; victim Janiva P.).

— Count sixteen: Section 242 (battery, a lesser included offense of § 273.5 (infliction of corporal injury on cohabitant); victim Cynthia E.).

— Count seventeen: Section 207, subdivision (b) (kidnapping a child under age 14 for the purpose of committing a violation of § 288; victim Sylvia G.).

— Counts eighteen through twenty-one and twenty-three: Section 288, subdivision (a) (victim Sylvia G.).

— Count twenty-two: Section 243.4 (sexual battery, a lesser included offense of § 288, subd. (a); victim Sylvia G.).

With respect to counts one through fourteen, eighteen through twenty-one, and twenty-three, the jury also found true the special allegation that in committing the offenses, Harrison engaged in substantial sexual conduct with a child under age 14 (§ 1203.066, subd. (a)(8)). The jury acquitted

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Harrison of count fifteen, which charged a violation of section 288, subdivision (b) (forcible lewd and lascivious act on child under age 14; victim Janiva P.) as an alternative to count fourteen.

Harrison was sentenced to a total unstayed term of 121 years in prison and ordered to pay a $4,000 fine. He filed a timely notice of appeal. He now raises numerous issues, all of which fall into one of three general categories: motions for substitution of appointed counsel, competency proceedings, and trial. For the reasons which follow, we will affirm the judgment in its entirety, with the exception that we will order vacated the vexatious litigant finding and order issued July 17, 1992.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

## I

### Marsden Issues

#### A. Denial of 1991 and 1994 Marsden Motions*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

#### B. Vexatious Litigant Finding

On June 19, 1992, Harrison was found to be incompetent in case Nos. 410784-3 and 433352-2, and conservatorship proceedings were instituted. Harrison subsequently submitted a petition for writ of habeas corpus in case No. 410784-3, as well as a "DEMAND FOR HEARING on issues of Wel. Inst. Code 5008 and 5350. [*Sic.*]" On July 17, 1992, Judge Nunez issued the following order in case No. 410784-3, entitled "ORDER PROHIBITING FURTHER FILINGS IN PROPRIA PERSONA":

"Having read and considered the numerous motions, petitions, and other documents submitted in propria persona by Carl Harrison plus relevant court

---

*See footnote, *ante*, page 780.

documents on file in this and related matters, the Court finds that the defendant is represented by an attorney of record, defendant's actions have become vexatious within the meaning of section 391 of the Code of Civil Procedure, and defendant currently is not qualified to represent himself.

"IT IS THEREFORE ORDERED that the County Clerk shall not accept any further documents for filing submitted in propria persona by Carl Harrison unless leave has first been obtained from the Presiding Judge of this Court."

The order was filed on July 20, 1992. Insofar as the record shows, it was issued on the court's own motion, without prior notice to the parties or hearing. Thereafter, Harrison continued to submit various documents and motions (including pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] (*Marsden*)), some of which took the form of letters written to specific judges, and others, which were stamped "received" instead of "filed." Some appear in the clerk's transcript on appeal without any stamp, while others appear in the correct chronological order for the date placed on the motion by Harrison, but are file-stamped March 15, 1995, after he was sentenced. Harrison withdrew two *Marsden* motions, dated February 11 and March 6, 1994, on March 10, 1994, during his hearing on restored competence.

Harrison now contends Judge Nunez exceeded his statutory authority by issuing a vexatious litigant order in a criminal case, and that the error requires reversal because it had the effect of precluding consideration of any of Harrison's *Marsden* motions that were submitted between the date of the order and the motion of October 4, 1994. We agree there was error, but conclude reversal of the judgment is not required.[6]

The vexatious litigant statutes (Code Civ. Proc., § 391 et seq.) were first codified in 1963. (*Camerado Ins. Agency, Inc. v. Superior Court* (1993) 12 Cal.App.4th 838, 841 [16 Cal.Rptr.2d 42]; Stats. 1963, ch. 1471, § 1, p. 3038.) These statutes, which are constitutional (*In re Whitaker* (1992) 6 Cal.App.4th 54, 56 [8 Cal.Rptr.2d 249]), "were enacted to require a person found to be a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of an obsessive and persistent litigant whose conduct can cause serious financial results to the unfortunate object of his or her attack. The purpose of the statutory scheme is to deal with the problem created by the persistent and obsessive litigant who has constantly pending a number of groundless actions, often against

---

[6]An order declaring a party to be a vexatious litigant is not itself appealable, but may be reviewed, as here, on appeal from a subsequent judgment. (*In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008 [64 Cal.Rptr.2d 679].)

the judges and other court officers who decide or were concerned in the decision of previous actions adversely to him. [Citation.]" (*Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 993 [35 Cal.Rptr.2d 93].)

The vexatious litigant scheme recently was synopsized in *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1215-1216 [73 Cal.Rptr.2d 288]:

"The vexatious litigant statute authorizes a 'defendant' to bring a motion to require a 'plaintiff' to furnish security. Defendant must prove that the plaintiff is a 'vexatious litigant' and that there is no reasonable probability that plaintiff will prevail in the litigation. ([Code Civ. Proc.,] § 391.1.) The statute contemplates a hearing to determine whether the plaintiff qualifies as 'vexatious' ([Code Civ. Proc.,] § 391.2) and instructs the court to require security if it finds plaintiff has no reasonable probability of prevailing. Security is 'for the benefit of the moving defendant' and in 'such amount and within such time as the court shall fix.' ([Code Civ. Proc.,] § 391.3.) If security is not furnished as ordered, the 'litigation' shall be dismissed as to the 'defendant for whose benefit it was ordered furnished.' ([Code Civ. Proc.,] § 391.4.) . . . . [¶] . . . [¶]

"Section 391.7, added in 1990 (Stats. 1990, ch. 621, § 3, pp. 3072-3073), furnished the courts an additional resource for addressing vexatious litigant problems. This newer section operates beyond the pending case and affects the litigant's future filings. It authorizes a court to 'enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.' ([Code Civ. Proc.,] § 391.7, subd. (a).)

"When a prefiling order is in force, '[t]he presiding judge shall permit the filing of such litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants . . . .' ([Code Civ. Proc.,] § 391.7, subd. (b).) If the clerk mistakenly files any litigation presented by a litigant who is subject to a prefiling order, the litigant may be required to seek the presiding judge's permission to proceed. ([Code Civ. Proc.,] § 391.7, subd. (c).) The clerk of any court issuing a prefiling order is to provide a copy of such order to the Judicial Council, which maintains and disseminates annually a list of persons subject to such orders. ([Code Civ. Proc.,] § 391.7, subd. (d).)" (Fns. omitted.)

In the case at bench, it appears Judge Nunez was attempting to issue a prefiling order, as contemplated by Code of Civil Procedure section 391.7. Before there can be a prefiling order, however, there must be a "vexatious litigant" within the contemplation of the code.[7] While a court may enter a prefiling order on its own motion, the statutes do not appear to envision that a court may, on its own motion, find a plaintiff to be a vexatious litigant in the first instance. Insofar as the record shows, and assuming Harrison could qualify as a "plaintiff" within the meaning of the statutes,[8] no "defendant" made an appropriate motion,[9] and no hearing was held. Accordingly, the order was procedurally defective.

There is an even more basic flaw. The vexatious litigant statutes apply to "litigation," which is expressly defined as "any *civil* action or proceeding, commenced, maintained or pending in any state or federal court." (Code Civ. Proc., § 391, subd. (a), italics added.) The Legislature long ago drew a distinction between civil and criminal actions (Code Civ. Proc., § 24), and it gave them mutually exclusive statutory definitions (§ 683; Code Civ. Proc., §§ 30-31; *In re Bittaker, supra,* 55 Cal.App.4th 1004, 1009). By expressly limiting the definition of "litigation," for purposes of the vexatious litigant statutes, to "any civil action or proceeding," the Legislature excluded criminal cases from the ambit of Code of Civil Procedure section 391 et seq. Thus, the vexatious litigant statutes may properly be employed *only* in civil cases. (See *McColm v. Westwood Park Assn., supra,* 62 Cal.App.4th at pp. 1216, 1219; *In re Bittaker, supra,* 55 Cal.App.4th at p. 1009; *Childs v. PaineWebber Incorporated, supra,* 29 Cal.App.4th at p. 992; *Camerado Ins. Agency, Inc. v. Superior Court, supra,* 12 Cal.App.4th at pp. 843-844.) They may not be used in criminal cases. (See *In re Bittaker, supra,* 55 Cal.App.4th at pp. 1009-1012 [Code Civ. Proc., § 391 et seq. inapplicable to petitions for writ of habeas corpus].)

The People contend the vexatious litigant statutes are made applicable by section 9 of the Penal Code, and ask how else Harrison can attempt to enforce the provisions of Code of Civil Procedure section 170 et seq. Section 9 provides: "The omission to specify or affirm in this Code any

---

[7]Code of Civil Procedure section 391.7, subdivision (a) provides in part: "In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits *a vexatious litigant* from filing any new litigation . . . ." (Italics added.)

[8]Code of Civil Procedure section 391, subdivision (d) defines "plaintiff" as "the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained . . . ."

[9]" 'Defendant' means a person (including corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained." (Code Civ. Proc., § 391, subd. (e).)

liability to damages, penalty, forfeiture, or other remedy imposed by law and allowed to be recovered or enforced in any civil action or proceeding, for any act or omission declared punishable herein, does not affect any right to recover or enforce the same." This section simply means that "the failure to specify civil remedies in the Penal Code does not affect the availability of such remedies." (*Heritage Cablevision of Cal., Inc. v. Pusateri* (1995) 38 Cal.App.4th 517, 522 [45 Cal.Rptr.2d 191].) In other words, an act may be both a crime and a tort; the wrongdoer may be both convicted of the crime and held liable civilly for the tort; and the failure to specify a penalty for the crime does not affect the right to recover civilly for the tort. (1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Introduction to Crimes, § 4, p. 15.) Section 9 does not make the vexatious litigant statutes applicable to criminal proceedings. As for Code of Civil Procedure section 170 et seq., nothing in the language of those statutes expressly limits them to a particular type of action. In fact, Code of Civil Procedure section 170.5, subdivision (f) broadly defines "proceeding" as "the action, case, cause, motion, or special proceeding to be tried or heard by the judge," while Code of Civil Procedure section 170.6, subdivision (1) refers to a disqualified judge trying "any civil *or criminal* action or special proceeding of any kind or character . . . ." (Italics added.) Clearly, the disqualification statutes are not analogous to the vexatious litigant provisions.

We do not mean to suggest a court is required to accept each and every motion presented by a defendant in a criminal case who is represented by counsel. ■ To the contrary, "a party who is represented by counsel has no right to be heard personally [citation]. . . ." (*In re Cathey* (1961) 55 Cal.2d 679, 684 [12 Cal.Rptr. 762, 361 P.2d 426]; see also *People v. Merkouris* (1956) 46 Cal.2d 540, 554-555 [297 P.2d 999].) A trial court may, in its discretion and upon a showing of good cause, permit a party who is represented by counsel to participate in conducting the case, but it should not do so unless it determines "that in the circumstances of the case the cause of justice will thereby be served and that the orderly and expeditious conduct of the court's business will not thereby be substantially hindered, hampered or delayed." (*People v. Mattson* (1959) 51 Cal.2d 777, 797 [336 P.2d 937].) Where the party is not permitted personally to participate in conducting the case, pro se filings by that party may be returned unfiled (*People v. Clark* (1992) 3 Cal.4th 41, 173 [10 Cal.Rptr.2d 554, 833 P.2d 561]) or, if filed, may be stricken (*People v. Mattson, supra,* 51 Cal.2d at p. 798).

There is, however, one exception to the rule that motions of parties represented by counsel must be filed by such counsel: courts must "accept and consider pro se motions regarding representation, including requests for new counsel. (Cf. *People v. Marsden, supra,* 2 Cal.3d 118.) Such motions

must be clearly labeled as such, and must be limited to matters concerning representation. [Courts] will not consider extraneous matters even in such documents unless submitted by counsel." (*People v. Clark, supra,* 3 Cal.4th at p. 173.)

In the present case, then, the court had the authority to refuse to file or consider pro se motions and other documents presented by Harrison that related to the conduct of the case (for example, motions to dismiss), albeit not by way of Code of Civil Procedure section 391 et seq. The court did not, however, have the power to prohibit Harrison from submitting *Marsden* motions, nor was it free to ignore those motions once they were presented. Any order to the parties and/or clerk's office should have made clear the exception.

Citing *People v. Hale* (1988) 44 Cal.3d 531, 541 [244 Cal.Rptr. 114, 749 P.2d 769] ["once a doubt has arisen as to the competence of the defendant to stand trial, the trial court has no jurisdiction to proceed with the case against the defendant without first determining his competence"], the People question whether the court had jurisdiction to resolve any issue other than competency, since, at the time the order in question was issued, Harrison had been declared incompetent and had not yet been restored to competence. It is unclear whether the People are suggesting the court lacked jurisdiction to issue a vexatious litigant finding, or that it lacked jurisdiction to proceed on Harrison's requests to substitute counsel. If the former, any lack of jurisdiction is immaterial since the order was erroneous in any event. ■ If the latter, we disagree: the California Supreme Court has made it clear that "while the trial court may not 'proceed with the case against the defendant' before it determines his competence in a section 1368 hearing [citation], it may and indeed *must* promptly consider a motion for substitution of counsel when the right to effective assistance 'would be substantially impaired' if his request were ignored. [Citation.]" (*People v. Stankewitz* (1990) 51 Cal.3d 72, 88 [270 Cal.Rptr. 817, 793 P.2d 23].) Thus, the fact Harrison had been declared incompetent did not mean the court was entitled to ignore Harrison's *Marsden* motions. (*Ibid.*)

■ As Harrison points out, the record on appeal contains *Marsden* motions that appear to have been submitted prior to October 4, 1994, and yet were not acted upon. Moreover, Harrison mentioned to the court on at least two occasions (to Judge Kane on March 10, 1994, and to Judge O'Neill on July 18, 1994) that his papers were not being accepted for filing. From this, Harrison concludes he is entitled to a reversal because the trial court failed to comply with the requirements of *Marsden, supra,* 2 Cal.3d 118.

To the extent any *Marsden* motions were not filed because of Judge Nunez's prefiling order, Harrison was not precluded from presenting those motions to the court. There is nothing in the record to indicate Harrison attempted to comply with the order's requirement that he obtain the presiding judge's permission to have the documents filed. More importantly, and regardless of whether the motions were not heard because they were not filed or because Harrison had been declared incompetent, we find no cause for reversal because of what took place in a hearing conducted by Judge O'Neill on July 18, 1994:

"THE COURT: Listen to me, Mr. Harrison. If there is that issue, which you still wish to raise, just prepare your Marsden motion, send it to me, I will make sure it is in the file at the time of the hearing on these motions and it will be heard at the same time. [¶] . . . [¶]

"THE COURT: All I am telling you, *if you want a Marsden hearing you send it to me, I'll make sure it is in the file. And on August 17th at the same time that all of your other motions are heard we will hear that one.*" (Italics added.)

Harrison has not shown that any of his concerns with counsel were so pressing that he was prejudiced because they were not heard immediately, that he could not have resubmitted his motions prior to the August 17 hearing,[10] or that he was unable to submit further complaints about counsel to Judge O'Neill. Some of his complaints, being exceedingly repetitious, were in fact ruled upon in later hearings. To the extent any earlier complaints were not heard, any error was cured by Harrison's failure to raise them at the hearings on his subsequent motions. (See *People v. Lloyd* (1992) 4 Cal.App.4th 724, 731-732 [6 Cal.Rptr.2d 105].)

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order declaring Harrison a vexatious litigant is vacated. In all other respects, the judgment is affirmed. The superior court is directed to

[10]In fact, Harrison submitted a letter to Judge O'Neill on or about August 4, 1994, although the letter's contents were bizarre.

*See footnote, *ante*, page 780.

determine whether the vexatious litigant order was transmitted to the Judicial Council and, if so, the order is directed to be withdrawn.

Buckley, J., and Cornell, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 16, 2002. Baxter, J., did not participate therein.