[No. F059173. Fifth Dist. Jan. 10, 2011.]

JOE FLORES, Plaintiff and Appellant, v.
C. RUSSELL GEORGESON et al., Defendants and Respondents.

## COUNSEL

Law Offices of Henry D. Nunez and Henry D. Nunez for Plaintiff and Appellant.

Campagne, Campagne & Lerner, Wiley R. Driskill and Justin T. Campagne for Defendants and Respondents.

No appearance for Defendants and Respondents Dennis Hagobian, Sandy L. Vartan, Victoria Hagobian, Judith Yeramian, Russell Davidson, William Davidson, Michael Hedberg, The Dennis Vartan Family Trust, The Dennis and Sandy L. Vartan Family Trust, The Lee Yeramian Family Trust, The Lee Yeramian Exempt Qtip Trust, The Judith Mary Yeramian Family Trust, The Victoria Hagobian Residential Trust, The Dennis Hagobian Residential Trust, Yosemite Technologies, Inc., Rod Christensen, Taft & Traner, Inc., Fruit Marketing of California, Inc., Traner & Taft Partnership, T&T partnership, Eco Farms Field, Inc., Eco Farms Sales, Inc., Norman Traner and Steven Taft.

## OPINION

**DETJEN, J.**—This is an appeal from an order dismissing an action pursuant to the vexatious litigant statutes. We hold that a prefiling order, issued pursuant to Code of Civil Procedure section 391.7, subdivision (a), does not

require a vexatious litigant *who is represented by counsel* to obtain permission from the presiding judge to present litigation for filing. Accordingly, we reverse.

## Facts and Procedural History

In 2008 appellant, Joe Flores, was declared to be a vexatious litigant and subject to a prefiling order pursuant to Code of Civil Procedure section 391.7, subdivision (a). (All further section references are to the Code of Civil Procedure.)

On October 14, 2008, appellant and two other plaintiffs filed suit in Fresno County Superior Court. The complaint listed appellant's counsel as Attorney Tomas Nunez.

While other defendants in the action filed demurrers to the complaint, defendants and respondents, C. Russell Georgeson et al.,[1] filed (in addition to a motion to strike pursuant to the "anti-SLAPP" (strategic lawsuit against public participation) law, § 425.16) a notice to the court and all parties that the clerk had "mistakenly filed the instant litigation without requiring vexatious litigant Plaintiff Joe Flores to first obtain an order from the presiding judge permitting the filing."[2]

At the hearing on the anti-SLAPP motion (which the court denied), the court indicated that, in accordance with the plain words of the statute, the prefiling requirement did not apply when a litigant was represented by counsel. Respondents' counsel agreed that the language of the statute excluded (from the prefiling-approval requirement) plaintiffs represented by counsel, but asserted that case law changed that result. The trial court took the matter under submission.

On October 7, 2009, the court granted the request to dismiss appellant for failure to obtain prefiling approval of the litigation. The court wrote in its decision: "At the hearing defendant brought to the court's attention the case of [*Camerado Ins. Agency, Inc. v. Superior Court*] (1993) 12 Cal.App.4th 838 [16 Cal.Rptr.2d 42], which holds that simply obtaining counsel does not

---

[1] Defendants and respondents C. Russell Georgeson, Richard A. Belardinelli, and Georgeson & Belardinelli, a partnership law firm, have appeared and filed a brief in this appeal. We will refer to these parties as "respondents." The numerous other defendants named in the complaint (and served with the notice of appeal) have failed to appear, file a brief, or otherwise participate in this appeal. The term "respondents" does not include those defendants who have failed to appear.

[2] Section 391.7, subdivision (c), provides, inter alia: "The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding judge permitting the filing. If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a) . . . ."

permit a vexatious litigant to avoid the protection afforded potential targets under the statute." On October 19, 2009, the court entered its formal order dismissing appellant from the litigation.

After his motion for reconsideration was denied on December 2, 2009, appellant filed a timely notice of appeal. The primary issue on appeal is whether the court erred in dismissing the action pursuant to section 391.7, subdivision (a).

## Discussion

Sections 391 through 391.6, comprising title 3A of part 2 of the Code of Civil Procedure, Vexatious Litigants, were initially adopted in 1963. (See Stats. 1963, ch. 1471, § 1, p. 3038.) One becomes a vexatious litigant, as defined in section 391, by taking certain actions while in propria persona— that is, while not represented by an attorney.

A defendant's primary protection against a vexatious litigant under the 1963 enactments is an order that the plaintiff post "security." Such an order is available upon a showing that the plaintiff is a vexatious litigant and that "there is not a reasonable probability that he will prevail in the litigation against the moving defendant." (§ 391.1.) If such an order is issued and the security is not posted, the litigation is dismissed. (§ 391.4.)

The original protections from vexatious litigation provided by sections 391 through 391.6 were expanded in 1990 by the enactment of section 391.7. (See Stats. 1990, ch. 621, § 3, p. 3072.) That section permits the court to enter "a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state *in propria persona* without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court." (§ 391.7, subd. (a), italics added.)

*Camerado Ins. Agency, Inc. v. Superior Court, supra,* 12 Cal.App.4th 838 (*Camerado*) reviewed a denial of a defendant's motion for an order requiring a vexatious litigant to post security under section 391.1. The petitioner was represented by counsel in the trial court and contended he could not be a "vexatious litigant" while represented by counsel. The court rejected the petitioner's construction of the statute: "The Legislature defined a plaintiff as a person, not as a person acting in propria persona." (*Camerado, supra,* at p. 842, fn. omitted.) The court noted that a plaintiff becomes a vexatious litigant, in the first instance, by committing various acts, and these acts must be performed while the person is acting in propria persona. Once declared a vexatious litigant for those in propria persona activities, the court stated, it is clear the Legislature intended the status to

continue into the future, even if the plaintiff subsequently is represented by counsel. (*Ibid.*) For a defendant to be entitled to the order for security, the court pointed out, section 391.1 requires only a showing that the plaintiff *is* a vexatious litigant and that " 'there is not a reasonable probability that he will prevail . . .' " in the current litigation. (*Camerado, supra,* at p. 841.) Thus, representation by counsel would not, in itself, insulate the vexatious litigant from an order to post security.

The *Camerado* court, however, expressly noted the additional sanction enumerated in section 391.7: the prefiling order. "The prefiling order authorized by section 391.7 is a powerful weapon to battle the vexatious litigant. It is not inconsistent with the broad reach of the vexatious litigant statute that the Legislature chose to limit this weapon to pro se vexatious litigants." (*Camerado, supra,* 12 Cal.App.4th at p. 844.) Although the vexatious litigant may be required to post security, a prefiling order does not limit a vexatious litigant from initiating litigation if represented by an attorney. (*Ibid.*)

Contrary to respondents' assertion, *Camerado, supra,* 12 Cal.App.4th 838 does not stand for the proposition that "a vexatious litigant cannot overcome the requirement of obtaining a pre-filing order simply by hiring counsel." Retaining counsel does not insulate a vexatious litigant from an order to post security, but being represented by counsel does allow a vexatious litigant who is subject to a prefiling order to initiate litigation without first obtaining leave from the presiding judge. (§§ 391, 391.1, 391.7, subd. (a); *Camerado, supra,* at pp. 842, 844.)

No other case relied upon by respondents provides any greater support for their position. Respondents accurately quote *Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183, 195–196 [58 Cal.Rptr.3d 466], which states that section 391.7, subdivision (a), "has been construed to require a vexatious litigant to obtain permission to litigate even though represented by an attorney. (*In re Shieh* (1993) 17 Cal.App.4th 1154, 1167 [21 Cal.Rptr.2d 886].)" Two points must be noted, however. First, *Forrest* involved an entirely different situation than that now before us: "We hold here that the trial court has authority under Code of Civil Procedure section 391.7 to dismiss a lawsuit during the pendency of litigation when a vexatious litigant under a prefiling order is not represented by counsel and has not obtained permission from the presiding judge to proceed unrepresented." (*Forrest, supra,* 150 Cal.App.4th at p. 188, fn. omitted.) Thus, the question before the court in *Forrest* was whether a vexatious litigant who became unrepresented during the course of litigation could be required to obtain permission of the presiding judge in order to continue the litigation in propria persona. (See *id.* at p. 197.) Second, the *Forrest* opinion summarizes its view

of section 391.7 as follows: "[T]he statutory scheme as a whole can be reconciled by recognizing that the terms of the prefiling order—*representation by counsel* or permission to file—pertain throughout the life of the lawsuit." (*Forrest, supra,* at p. 197, italics added.)

*In re Shieh, supra,* 17 Cal.App.4th 1154 involved a complex factual and procedural setting that is not necessary to summarize for present purposes. In essence, the plaintiff, himself an attorney, had been declared a vexatious litigant in numerous courts; sanctions, including prefiling orders, had been imposed upon him with "no discernible effect on Shieh's out-of-control litigation." (*Id.* at p. 1167.) After the issuance of an order to show cause by the appellate court, that court imposed its own prefiling order on Shieh. (*Ibid.*) The court then stated: "Ordinarily, pursuant to section 391.7, subdivision (a) of the Code of Civil Procedure, Shieh would not be permitted to file 'any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.' This case, however, breaks the mold. [¶] . . . It is patently obvious that *every* writ petition, notice of appeal, appellant's brief and opposition to orders to show cause filed in this division has been drafted by the same hand, even though Shieh ostensibly has appeared [both] in propria persona and through two separate attorneys . . . . [¶] In short, it is clear that Shieh does not engage attorneys as neutral assessors of his claims, bound by ethical considerations not to pursue unmeritorious or frivolous matters on behalf of a prospective client. [Citation.] Rather, these attorneys who ostensibly 'represent' Shieh serve as mere puppets. Based on these facts, we conclude a prefiling order limited to Shieh's in propria persona activities would be wholly ineffective as a means of curbing his out-of-control behavior." (*Ibid.*)

The appellate court in *Shieh* did not purport to apply section 391.7 in accordance with its terms; indeed, the court expressly noted that in the "ordinary" case, the statute only prohibits new litigation filed in propria persona. (*In re Shieh, supra,* 17 Cal.App.4th at p. 1167.) A court has inherent power, upon a sufficient factual showing, to dismiss an action " 'shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process.' " (*Muller v. Tanner* (1969) 2 Cal.App.3d 438, 443 [82 Cal.Rptr. 734], quoting *Lincoln v. Didak* (1958) 162 Cal.App.2d 625, 629–630 [328 P.2d 498].) That power, exercised after a hearing and upon sufficient factual showing, is a different power than the virtually ministerial power granted by section 391.7, subdivision (c).

Nothing we have said in this opinion should be taken as limiting the inherent power of the courts to impose sanctions for frivolous litigation, nor

to relieve counsel from the ethical obligations involved in representing clients in litigation. Those considerations, however, are not governed by section 391.7.

## Disposition

The judgment is reversed.[3] Appellant is awarded costs on appeal.

Levy, Acting P. J., and Kane, J., concurred.

---

[3] Appellant's December 6, 2010, "Request for the Court to Stay Ruling" is denied. The grounds stated in the request fail to be relevant to the issue in this case.