Filed 8/9/13  Humphrey v. Gingerbread Court CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BARBARA HUMPHREY, | B238300 |
| Plaintiff, | (Los Angeles County Super. Ct. No. SC101482) |
| v. | |
| GINGERBREAD COURT, L.P., | |
| Defendant and Respondent; | |
| THEODORE A. PINNOCK, | |
| Real Party in Interest and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Cesar C. Sarmiento, Judge.  Affirmed.

David C. Wakefield for Real Party in Interest and Appellant.

Westlake Law Group and David Blake Chatfield for Defendant and Respondent.

No appearance for Plaintiff.

Theodore A. Pinnock appeals the trial court's orders for security and a prefiling order under the vexatious litigant statute, Code of Civil Procedure section 391 et seq. Finding no error, we affirm.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pinnock represented Barbara Humphrey (Humphrey) in a lawsuit against defendant Gingerbread Court L.P. (defendant), alleging violations of the Americans With Disabilities Act (42 U.S.C. §§ 12182(a) et seq.), the Unruh Civil Rights Act (Civ. Code, §§ 51 and 52), and the Disabled Persons Act (Civ. Code, §§ 54, 54.1 and 54.3). Defendant alleged Humphrey and her counsel, appellant Pinnock, were vexatious litigants, and filed a motion for a security and prefiling order pursuant to Code of Civil Procedure[2] sections 391.1 and 391.7, subdivision (a). The basis for the motion was not that Humphrey had filed multiple, unsuccessful lawsuits in propria persona (she had not), but that her counsel, Pinnock, was using her as a "straw plaintiff" in order to skirt the vexatious litigant statute. Defendant submitted evidence Pinnock had filed over 2,000 lawsuits against nearly 10,000 small businesses, either in his name, in the name of an association formed by him, or in the name of indigent individuals who acted as plaintiffs in name only, including more than 50 lawsuits filed in Humphrey's name during 2009, none of which resulted in a judgment for Humphrey. Defendant also submitted evidence going to the merits of the lawsuit, including photographs of signage directing the physically disabled to alternative access points and thus refuting the allegation that the defendant's property had no such signage, and the sworn statement of counsel that he had personally inspected the premises and found none of the alleged violations. Notably, Pinnock did not submit a declaration of plaintiff Humphrey that Pinnock was prosecuting this case on her behalf.

---

[1]     On our own motion we take judicial notice of the appellate record in *Humphrey v. Gingerbread Ct., LP* (Jun. 13, 2011, B219578 [nonpub. opn.]).

[2]     Future statutory references are to the Code of Civil Procedure.

On June 16, 2009, Judge Terry B. Friedman heard arguments on defendant's Motion for Security and Prefiling Order. Defendant argued the reasoning of *Camerado Insurance Agency, Inc. v. Superior Court* (1993) 12 Cal.App.4th 838 supported its "straw plaintiff" theory. That case held a plaintiff who files a lawsuit in propria persona and otherwise meets the criteria of a vexatious litigant cannot avoid the vexatious litigant statute by hiring an attorney to prosecute her lawsuit. Defendant stated: "There's not really any difference between a nonattorney who's a vexatious litigant who hires an attorney to get around the statute than there is if there's a vexatious attorney who hires – who uses a straw plaintiff to get around it. They both try to get around the legislative intent, which is to require a person found to have been a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes a target of one of these obsessive and persistent litigants." The trial court continued the hearing to give Pinnock additional time to respond to the hundreds of pages of evidence defendant had submitted in support of its motion.

On June 22, 2009, Pinnock filed a Response to Defendant's Reply. Again, Pinnock filed no evidence in support of its opposition.

On June 29, 2009, a second hearing was held on the motion. Defendant's counsel argued that the "use of straw plaintiffs by Mr. Pinnock is simply a sham, and it would allow the court to infer that these are really Mr. Pinnock's litigations and not those of their straw plaintiffs. . . . And the lawsuits that have been filed on behalf of Mr. Pinnock, or in the name of Mr. Pinnock, have been filed under his name, under associations he's formed, and under straw plaintiffs. And when you have litigation where there's a person named and there's a hundred lawsuits, separate lawsuits, filed by that one person, and all the complaints are virtually identical with the complaints that are filed by Mr. Pinnock in his own name, you can easily reach the conclusion that all of this is a sham to avoid the vexatious litigation statutes."

In response to defendant's argument, Judge Friedman stated: "I'm not questioning the premise that you make, and I think I indicated that both in the tentative on June 16th and certainly [in] this one as well. My only concern is that in order to apply the statute to

3

this set of circumstances requires me to go beyond the express language of the statute, and in a way that does not – in a factual setting that is different than *Camerado,* in which the Court of Appeal decided to overturn a trial judge who also appeared to be reluctant to go beyond the statute." The court concluded both plaintiff Humphrey and attorney Pinnock had engaged in vexatious litigation and they had no reasonable probability of prevailing in the instant lawsuit. However, rather than declare both Humphrey and Pinnock to be vexatious litigants, as requested by defendant, the trial court granted the motion only as to named plaintiff Humphrey. The court ordered her to post $10,000 security, and issued a prefiling order prohibiting her from filing any new litigation without first obtaining leave of the court's presiding judge. Humphrey failed to furnish the $10,000 security and the court dismissed her lawsuit.

Humphrey appealed the order declaring her to be a vexatious litigant. This court reversed the judgment of dismissal, holding Humphrey does not meet the statutory definition of a vexatious litigant, as she had never filed a lawsuit in propria persona. (*Humphrey v. Gingerbread Ct., LP, supra,* B219578.)

On remand, Judge Cesar Sarmiento issued a prefiling order against Pinnock based on the record of the June 2009 hearings on defendant's motion. The court found Pinnock, not Humphrey, was the actual litigant in the many lawsuits filed in Humphrey's name and that he had no reasonable probability of prevailing in the instant action. The court ordered Pinnock to furnish security in the amount of $10,000 within 20 days. The action was dismissed approximately three months later, no security having been posted. Pinnock timely appealed the judgment of dismissal.

## II.  DISCUSSION

In any pending litigation, a defendant may seek an order requiring the plaintiff to post a security based on a showing that "the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant."  (§ 391.1.)  A plaintiff is the person who "commences, institutes or

4

maintains a litigation or causes it to be commenced, instituted or maintained," and this includes attorneys acting in propria persona. (§ 391, subd. (d).) Section 391, subdivision (b)(1) describes a vexatious litigant[3] as a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."

This appeal presents two issues for resolution: First, did Pinnock have a due process right to a hearing on defendant's motion after remand following the prior appeal? And second, did the trial court abuse its discretion in finding Pinnock to be a vexatious litigant under section 391 et seq.? We consider each contention below.

1. *Pinnock's due process rights were not violated*

On appeal, Pinnock complains he was denied due process of law because defendant did not bring a new motion to have him declared a vexatious litigant after the case was remanded following appeal. He claims the trial court's reliance on the record of the original motion deprived him of the opportunity to contest the factual underpinnings of the motion. Specifically, Pinnock argues the trial court "erroneously determined that a newly fabricated theory of In Propria Persona Attorney/Plaintiff applied whereby the lower court could ignore the corporeal existence of Plaintiff Humphrey to determine that Plaintiff Humphrey's attorney, Appellant Theodore Pinnock, was a vexatious litigant. This newly fabricated theory has no statutory or case law support." This contention is unavailing.

The "newly fabricated theory" upon which the trial court purportedly erroneously applied on remand was the theory upon which defendant based its motion to declare both Humphrey and Pinnock vexatious litigants and was specifically sanctioned by this court

---

[3]     Three additional definitions of the term appear in section 391, subdivision (b), none of which defendant contends are applicable here.

in the prior appeal.  As we stated in our opinion, "If, as defendant argues, Pinnock retains disabled persons to act as straw plaintiffs in these lawsuits, having entered into no genuine [attorney-client] relationship with the named plaintiffs and with no ability on the part of the putative plaintiffs to control the litigation, then Pinnock is 'an attorney at law acting in propria persona' (§ 391, subd. (d)), and is, as such, himself subject to the provisions of section 391 et seq." (*Humphrey v. Gingerbread Court, L.P., supra*, B219578, typed opn. p. 5.)

Pinnock had every opportunity to challenge this straw plaintiff theory in its reply to defendant's motion which was heard before Judge Friedman.  Pinnock submitted no evidence in support of his argument that he was acting solely as Humphrey's attorney, and that Humphrey, as his client, was pursuing this litigation on her own behalf and not as a straw plaintiff.  Moreover, Pinnock appeared at the original and continued hearings on the matter on June 16 and 29, and argued his position before the court.  Thus, defendant fully complied with the notice and hearing provisions of section 391.1 and Pinnock was afforded due process.

2. *The trial court's order declaring Pinnock a vexatious litigant was proper*

Before a court may enter a prefiling order and require the posting of security, it must determine that the plaintiff is a vexatious litigant as described above, and that there is no reasonable probability the plaintiff will prevail in the litigation against the moving defendant.  "'A court exercises its discretion in determining whether a person is a vexatious litigant.  [Citation.]  We uphold the court's ruling if it is supported by substantial evidence.  [Citations.]  On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.'  (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.)  Questions of statutory interpretation, however, we review de novo.  (*Ibid.*)"  (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1498-1499.)

6

Here, there is abundant evidence to support the trial court's finding that Pinnock commenced, instituted or maintained this litigation on his own behalf and not on behalf of Humphrey, who was a mere straw plaintiff employed in an attempt to avoid the application of the vexatious litigant statute. The record contains evidence in 2009, Pinnock filed in the name of straw plaintiff Humphrey more than 50 boilerplate lawsuits in southern California for the purpose of coercing business owners into paying money to avoid a groundless lawsuit; a scheme he had used in over 2,000 prior cases. The record includes evidence Pinnock had not prevailed on the merits in any of these 2,000 lawsuits.

Substantial evidence also supports the trial court's finding "there is not a reasonable probability that [Pinnock] will prevail in the litigation against the moving defendant." (§ 391.1.) That evidence included a declaration and exhibits with photographs totally refuting all of the alleged ADA violations and counsel's sworn statement that he found none of the violations which the complaint alleged existed on defendants' property. All of this evidence remained unrebutted by Pinnock.

Pinnock has the burden of proving the trial court abused its discretion when it determined that he is a vexatious litigant and there is no reasonable probability he would prevail in this action. Pinnock has not met his burden. Consequently, the trial court's ruling must be affirmed.

3. *Constitutional concerns*

Pinnock argues the straw plaintiff theory violates the equal protection provisions of the federal and state Constitutions' right to petition the courts: "At its most broad, the classification made by the Straw Plaintiff theory is that any person, who even though represented by an attorney, who files, settles, and dismisses more than five civil cases in a seven year period of time is subject to having their U.S. constitutional and California constitutional right to petition the courts burdened by being declared a vexatious litigant. Hence, a lot of business corporations such as Bank of America, Quaalcom, etc., may now be subject to the new theory." Pinnock has no standing to advocate on behalf of business

7

interests which he does not represent.  We do not consider the underlying merits of the argument.

Neither may Pinnock advocate on behalf of his straw plaintiff, Ms. Humphrey. Ms. Humphrey is not a party to this appeal and, as the trial court determined, Pinnock does not represent her in this litigation.

### III.  DISPOSITION

The orders under review are affirmed.  Costs on appeal are awarded to defendant and respondent, Gingerbread Court, L.P.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.