Filed 11/10/15  P. v. Engel CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050074 |
| v. | (Super. Ct. No. 11HF1297) |
| ROBERT BRUCE ENGEL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Gregg L. Prickett, Judge, and Vickie L. Hix, Commissioner.  Affirmed.  Request for judicial notice.  Granted.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

## INTRODUCTION

Robert Bruce Engel appeals from an order of commitment determining him to be incompetent and committing him to the State Department of State Hospitals. The order is appealable as a final judgment in a special proceeding. (*People v. Christiana* (2010) 190 Cal.App.4th 1040, 1045.) Engel argues the trial court erred by denying his motion for new counsel made pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) without conducting a hearing. We affirm. The trial court did not abuse its discretion by denying the *Marsden* motion, and any error in not conducting a *Marsden* hearing was harmless beyond a reasonable doubt.

## FACTS AND PROCEDURAL HISTORY

On May 9, 2011, two teenage girls saw Engel masturbating while he was seated at a public library. His pants were unzipped, he was breathing heavily, and, although a newspaper was on his lap, one of the girls saw his erect penis. The girls reported the incident to the librarian, who contacted law enforcement, but Engel had already left the library. On May 16, 2011, an Orange County Sheriff's deputy was dispatched to the same library, where the deputy arrested Engel, who had four prior convictions for indecent exposure.

Engel was charged by information with one count of indecent exposure in violation of Penal Code section 314, subdivision 1. In October 2012, following a bench trial, Engel was convicted as charged. Sentencing was continued. In November 2012, the trial court granted Engel's motion to be relieved of retained counsel and to appear in propria persona. Counsel for Engel was reappointed in August 2013.

In October 2013, Engel's trial counsel announced that Engel wanted to bring a *Marsden* motion (the first *Marsden* motion) and represent himself. A *Marsden* hearing was conducted, following which the trial court denied the first *Marsden* motion.

In November 2013, Engel's trial counsel declared a doubt as to Engel's competence within the meaning of Penal Code section 1368, and the trial court suspended criminal proceedings.

On January 14, 2014, Engel made another *Marsden* motion (the second *Marsden* motion). The second *Marsden* motion was in writing and laid out Engel's complaints about his appointed counsel. A *Marsden* hearing was conducted by Commissioner Vickie L. Hix on February 3, 13, and 27, 2014. On February 27, at the end of the hearing, the court denied the motion. The court stated: "I find that there has not been a breakdown. I find that any deterioration in this [attorney-client] relationship has been caused by the willful recalcitrant and defi[ant] attitude of Mr. Engel, and there is no reason why in the future, however, that [counsel] cannot effectively represent him."

On February 28, 2014, the trial court found Engel to be mentally incompetent under Penal Code section 1368 and ordered the Orange County Mental Health Department to conduct an evaluation of Engel and make recommendations regarding his placement.

On March 28, 2014, Engel filed a request to "reopen" the second *Marsden* motion (the third *Marsden* motion). The third *Marsden* motion was, like the second *Marsden* motion, in writing and laid out Engel's complaints about his appointed counsel. On March 28, 2014, Commissioner Christopher Evans, who initially reviewed the third *Marsden* motion, stated it appeared to be a rehash of Engel's second *Marsden* motion and continued the matter to April 2, 2014, to permit Commissioner Hix to consider the third *Marsden* motion. On April 2, Commissioner Hix noted that Engel had requested a "further re-hearing on the *Marsden* motion" (italics added) and denied the motion without conducting a hearing. Commissioner Hix explained a *Marsden* hearing was not appropriate because Engel already had been found incompetent and "the competency hearing is no longer pending."

3

Based on the recommendation of the Orange County Mental Health Department, the trial court committed Engel to Patton State Hospital for a maximum term of commitment of three years with 819 days of credit for time served. An order of commitment was entered on April 4, 2014. Engel appealed from the commitment order, which was signed by Judge Gregg L. Prickett.

## DISCUSSION

### I.

### *Mootness*

The Attorney General asserts the appeal should be dismissed as moot because Engel has regained competence and is awaiting sentencing. The Attorney General has requested we take judicial notice of certified court minutes showing that Engel's competence has been restored, criminal proceedings have been reinstated, and a sentencing hearing had been scheduled for March 24, 2015. The request for judicial notice is granted. (Evid. Code, §§ 452, subds. (c) & (d), 459.)

Engel concedes his competence has been restored, but contends his appeal is viable because the commitment order and the finding of incompetence could somehow affect future proceedings and remain a stigma on his character. We agree with Engel and decline to dismiss the appeal as moot. (See *People v. Feagley* (1975) 14 Cal.3d 338, 345 [temporary commitment as mentally disordered offender may be challenged after discharge]; see also *Conservatorship of Roulet* (1979) 23 Cal.3d 219, 228-230 [stigma attaches to person found disabled due to mental disorder].)

### II.

### *Denial of Engel's Third* Marsden *Motion Was Not Erroneous. Any Error in Not Conducting a* Marsden *Hearing Was Harmless.*

"When a defendant seeks discharge of his appointed counsel on the basis of inadequate representation by making what is commonly referred to as a *Marsden* motion,

4

the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of counsel's inadequacy. [Citations.] 'A defendant is entitled to have appointed counsel discharged upon a showing that counsel is not providing adequate representation or that counsel and defendant have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.' [Citations.]" (*People v. Cole* (2004) 33 Cal.4th 1158, 1190.)

We review denial of a *Marsden* motion under the abuse of discretion standard. (*People v. Cole*, *supra*, 33 Cal.4th at p. 1190.) "'[A]ppellate courts will not find an abuse of that discretion unless the failure to remove appointed counsel and appoint replacement counsel would "substantially impair" the defendant's right to effective assistance of counsel.' [Citation.]" (*People v. Abilez* (2007) 41 Cal.4th 472, 488.)

Citing *People v. Solorzano* (2005) 126 Cal.App.4th 1063 and *People v. Harrison* (2001) 92 Cal.App.4th 780, Engel argues Commissioner Hix erred by denying the third *Marsden* motion without conducting a hearing. In *Solorzano*, *supra*, 126 Cal.App.4th at pages 1069-1070, the Court of Appeal concluded a trial court must conduct a *Marsden* hearing even though the defendant's complaints about counsel arose during the pendency of competency proceedings. In *Harrison*, *supra*, 92 Cal.App.4th at page 789, the Court of Appeal concluded, "the fact [the defendant] had been declared incompetent did not mean the court was entitled to ignore [the defendant]'s *Marsden* motions." The Attorney General argues a hearing on the third *Marsden* motion was not required because by April 2, 2014 (when Commissioner Hix denied the third *Marsden* motion), Engel had been declared incompetent. The Attorney General argues *Harrison* was wrongly decided to the extent it requires a *Marsden* hearing after a defendant has been declared incompetent.

The trial court did not abuse its discretion by denying the third *Marsden* motion without a hearing. A *Marsden* hearing is conducted because "[t]he defendant

5

may have knowledge of conduct and events relevant to the diligence and competence of his attorney which are not apparent to the trial judge from observations within the four corners of the courtroom." (*Marsden*, *supra*, 2 Cal.3d at p. 123.) The third *Marsden* motion was in writing and laid out at length Engel's complaints about his counsel, including events, such as attorney-client meetings, that would not have been apparent to the trial court.

In addition, both Engel and the Attorney General overlook the fact that the trial court conducted a *Marsden* hearing over three days in February 2014 before denying the second *Marsden* motion on February 27. The three days of hearings span over 92 pages of the reporter's transcript. Engel filed the third *Marsden* motion just one month later, on March 28. The third *Marsden* motion was labeled a request to reopen the second *Marsden* motion and raised essentially the same complaints about trial counsel, which Commissioner Hix had previously rejected. In denying the second *Marsden* motion, Commissioner Hix found that Engel had been the cause of any deterioration of the attorney-client relationship and there was no reason his current appointed counsel could not effectively represent him. Engel does not challenge that finding. Because the trial court permitted Engel to explain the basis of the second *Marsden* motion and to relate specific instances of counsel's alleged inadequacy in a lengthy hearing, given this record as described above, the court did not abuse its discretion by denying the third *Marsden* motion without a hearing.

If the court should have conducted a hearing, the error was harmless beyond a reasonable doubt. (*Marsden*, *supra*, 2 Cal.3d at p. 126 [beyond reasonable doubt standard for determining prejudice].) Reversal is not required if the record shows beyond a reasonable doubt that the defendant was not prejudiced by the trial court's failure to hold a *Marsden* hearing. (*People v. Reed* (2010) 183 Cal.App.4th 1137, 1148.) Here, the record demonstrates beyond a reasonable doubt that the trial court would have denied the third *Marsden* motion if a hearing had been conducted because, just one

6

month earlier, Commissioner Hix had denied essentially the same motion following a lengthy hearing.

## DISPOSITION

The order of commitment is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

7